**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 22 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YONATHAN ADALBERTO MANCIA-GALDAMEZ; et al., <br><br> Petitioners, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No. 17-73424 <br><br> Agency Nos. A202-121-303 <br> A202-121-304 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2019[**]

Before: McKEOWN, BYBEE, and OWENS, Circuit Judges.

Yonathan Adalberto Mancia-Galdamez and his son, natives and citizens of

El Salvador, petition for review of the Board of Immigration Appeals' order

dismissing their appeal from an immigration judge's decision denying their

applications for asylum, withholding of removal, and relief under the Convention

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1033-35 (9th Cir. 2014). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to consider the new particular social group that petitioners raise for the first time in their opening brief. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

Substantial evidence supports the agency's determination that the threats Mancia-Galdamez's girlfriend and his uncle received from gang members in El Salvador did not rise to the level of persecution. *See Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000) ("Threats standing alone . . . constitute past persecution in only a small category of cases, and only when the threats are so menacing as to cause significant actual 'suffering or harm'."). Substantial evidence supports the agency's determination that the harm petitioners fear in El Salvador has no nexus to a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An [applicant's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected

2                                                                    17-73424

ground.").  Thus, petitioners' asylum and withholding claims fail.

Substantial evidence also supports the agency's denial of CAT relief because petitioners failed to show it is more likely than not that they would be tortured by or with the consent or acquiescence of the government of El Salvador.  *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

We reject petitioners' contentions that the agency applied the wrong legal standard or that the agency failed to consider all the evidence.

We deny petitioners' request, included in their opening brief, to remand.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**